COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


GEORGE ANDREW MOORE

v.   Record No. 2149-94-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
GEORGE MOORE DRYWALL COMPANY                  MAY 9, 1995
AND
AETNA CASUALTY & SURETY COMPANY


                                 FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (W. Edward Riley, IV; J. Burkhardt Beale; Boone,
            Beale, Carpenter & Cosby, on brief), for appellant.

            (John M. Oakey, Jr.; Jill M. Misage; McGuire, Woods,
            Battle & Boothe, on brief), for appellees.


        George Andrew Moore contends that the Workers' Compensation

Commission erred in (1) finding that Moore's evidence failed to

prove that he filed a claim seeking an award of permanent total

disability benefits within three years from the last date for

which compensation was paid pursuant to an award; (2) finding

that Moore's evidence failed to prove that he was permanently and

totally incapacitated prior to the expiration of the three-year

period; and (3) excluding Dr. George Gruner's August 1, 1994

medical report.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In order to receive benefits pursuant to Code § 65.2-503(C), Moore was required to show evidence of permanent and total incapacity causally related to his compensable November 17, 1989 injury by accident occurring within three years from February 18, 1990. Unless we can say as a matter of law that Moore's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that Moore failed to establish any degree of permanent impairment prior to February 18, 1993, the commission found as follows:

> The first mention in the medical evidence that [Moore] may have permanent impairment is found in a May 4, 1993 letter, in which Dr. Gruner states: "At this point I am not optimistic that he can ever get back to doing any type of work above sedentary to light activity." On October 25, 1993, Dr. Gruner reported [Moore] had "significant restrictions in motion, especially to the left side of the neck, and this is something he will have on a lifelong basis." On February 3, 1994, Dr. Gruner opined [Moore] is "[f]or practical purposes" totally disabled. On April 12, 1994, Dr. Gruner observed that [Moore] "continues to hold his right hand in a most unusual configuration with his hand being curled." He reiterated that [Moore] is "totally disabled from doing any type of useful work."

Based upon these factual findings, which are fully supported

2

by the record, the commission found that Moore failed to show he was entitled to benefits under Code § 65.2-503. Because the medical evidence failed to show that Moore was permanently and totally incapacitated prior to February 18, 1993, we cannot say as a matter of law that the commission erred in denying Moore's application.

We find no merit in Moore's contention that the commission erred in not considering Dr. Gruner's August 1, 1994 medical report. This report was generated and filed with the commission nearly three months after the deputy commissioner's hearing. It did not qualify as after-discovered evidence, nor did Moore make a motion before the commission for it to reopen the case for additional evidence. Therefore, the commission did not err in excluding the report from its consideration.

Because our rulings on Moore's second and third questions presented dispose of this appeal, we will not address Moore's first question presented.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>